IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JUAN BARBOZA,<br><br>                      Plaintiff,<br><br>v.<br><br>JAMES A. CARUSO, BESSIE S. DOMINGUEZ, SUSAN M. TUELL, JAMIE A. MAGNAFICI (AKA JAMIE A. MONK), JANE DOE NURSES, and WEXFORD HEALTH SOURCES, INC.,<br><br>                      Defendants. | Case No. 17 CV 50002<br><br>Honorable Thomas M. Durkin<br><br>Honorable Lisa A. Jensen<br><br><br><br>**JURY TRIAL REQUESTED** |

**DEFENDANT, BESSIE S. DOMINGUEZ's, MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Defendant, BESSIE S. DOMINGUEZ ("Dr. Dominguez"), through her attorneys, BOLLINGER CONNOLLY KRAUSE LLC, and pursuant to Fed. R. Civ. P. 56, for her Motion for Summary Judgment as to Plaintiff's Second Amended Complaint (Dkt. 80), states as follows:

1.      On or about May 10, 2018, Plaintiff filed his Second Amended Complaint seeking money damages pursuant to 42 U.S.C. § 1983 *et seq*, relative to Defendants, Bessie S. Dominquez, James A. Caruso, Susan M. Tuell, and Jamie A. Magnafici (a/k/a Jamie A. Monk's), alleged deliberate indifference to his serious medical needs. (Dkt. 80).

2.      As to Dr. Dominguez, Plaintiff alleges in his Second Amended Complaint that the actions of Dr. Dominguez "exhibited deliberate indifference to Mr. Barboza's serious medical needs, were performed under color of state law, and violated Mr. Barboza's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution." (Dkt. 80, ¶ 117).

3. Plaintiff further alleges that he exhausted his administrative remedies against Dr. Dominquez. (Dkt. 80, ¶ 19).

4. However, discovery in the instant matter has determined that treatment for Plaintiff's spider bite was appropriate, ongoing, within the standard of care, and based upon independent medical judgment, and that Plaintiff was not denied or delayed appropriate medical care or access to a physician. *See Defendant Dr. Dominguez's L.R. 56.1 Statement of Facts*. Further, discovery has determined that Plaintiff has not exhausted his administrative remedies against Dominquez. *Id*.

5. All fact and expert discovery has been completed in this case.

6. Based upon the undisputed material facts and exhibits, Dr. Dominguez is entitled to judgment as a matter of law, as Plaintiff has not produced sufficient medical evidence to suggest that the treatment of his medical condition rose to the level of deliberate indifference, nor has Plaintiff produced sufficient evidence to support his allegations that he exhausted all administrative remedies against Dr. Dominquez pursuant to 42 USCS § 1997e(a).

7. In support of this Motion, Dr. Dominguez has filed an accompanying Memorandum of Law in Support of Summary Judgment as to Plaintiff's Second Amended Complaint and a required Local Rule 56.1(a) Statement of Uncontested Material Facts with accompanying Exhibits.

WHEREFORE, Defendant, BESSIE S. DOMINGUEZ, prays that this Honorable Court enter an Order granting Summary Judgment pursuant to Fed. R. Civ. P. 56 in her favor and against Plaintiff, JUAN BARBOZA, as there remains no genuine issue of material fact to be determined, thereby entitling her to Judgment as a Matter of Law and for costs and such other relief that this Honorable Court may allow.

Respectfully Submitted,

BESSIE S. DOMINGUEZ

By: */s/Anthony M. DeLongis*
Attorney for Defendant

Robert S. Tengesdal (#6288650)
Anthony M. DeLongis (#6326808)
BOLLINGER CONNOLLY KRAUSE LLC
500 West Madison Street
Suite #2430
Chicago, IL 60661
Ph: (312) 253-6200
rtengesdal@bollingertrials.com
adelongis@bollingertrials.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 15, 2019, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all counsel of record by filing the same with the CM/ECF system.

                                                      By:   */s/Anthony M. DeLongis*